## W. D. McGONAGILL ET AL. v. J. T. EVANS, COUNTY JUDGE.

(No. 5902.)

ERROR from Coleman County. Opinion by WHITE, P. J.

M. A. MARTIN and W. L. VINING, counsel for appellants.

· No counsel appeared for appellee.

§ 466. *County convict's bond held valid; case stated.* One Cook was convicted of keeping, etc., a gaming table, and his punishment assessed at a fine of $25 and imprisonment in the county jail for ten days. Having been placed in jail, and failing to pay said fine and cost, he was hired out under the provisions of article 3602, Revised Statutes, and plaintiffs in error hired him, executing a bond in the sum of $103, that being the amount of fine and costs adjudged against him. This suit was instituted to recover the amount of said bond under article 3606, Revised Statutes, in justice's court, and judgment was rendered against plaintiffs in error for the full amount of said bond and costs; and on their appeal to the county court a like judgment was there rendered.

Plaintiffs in error urge several objections to the validity of the bond. 1. That the conviction of Cook was under the act of March 19, 1885, which act was held to be unconstitutional by this court [Hunt v. State, 22 App. 396]; and that, therefore, said conviction and all proceedings thereunder are void. *Held:* It is not made to appear in the record affirmatively that said conviction was had under said void law. It will be presumed, in the absence of a contrary showing, that it was had under the law in force (article 358 of the Penal Code), and is a legal conviction. 2. That said bond is unauthorized and void because the punishment assessed against Cook, being imprisonment as well as fine, he could not legally be hired out. And in support of this objection, article 816, Code Criminal Procedure, and article 3602, Sayles' Civil Statutes, are cited. *Held:* No reason is perceived why a convict, after serving his term of imprisonment, may not be hired out to pay off the fine and costs. In this case the bond shows a hiring for the fine and costs only. Where a county has a work-house or county farm the convict may be made to discharge both fine and imprisonment by labor. [R. S. arts. 3585, 3586.] 3. That the bond does not state when the amount total thereof was due. It states that $15 thereof was due on the 10th day of July, and $15 on the 10th day of each month thereafter, including December. *Held:* In this respect the bond is in compliance with the statute. There is nothing in the statute which prohibits a stipulation for monthly payments of hire. 4. That it is not shown that before he was hired out Cook made oath in writing that he was unable to pay the fine and costs adjudged against him. *Held:* This objection, even if a valid one, is contradicted by the record. It was proved that Cook made such oath before he was hired out. But the county authorities had power to hire Cook out whether he made such oath or not, he having been committed to jail in default of payment of fine and costs. [R. S. art. 3602.]

May 1, 1889.                                  Affirmed.